UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. GG 24-00677-jtg |
| PRIEST ENTERPRISES, LLC, | Chapter 11 – Subchapter V |
| Debtor. _____/ | Hon. John T. Gregg |

**<u>DEFINITIVE ORDER FOR SUBCHAPTER V DEBTOR</u>**

On March 15, 2024, the above-captioned debtor (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has affirmatively elected to be treated as a subchapter V debtor. *See* 11 U.S.C. § 103(i); Fed. R. Bankr. P. 1020(a). Accordingly, the court has decided to enter this Order without the need for a hearing.

IT IS HEREBY ORDERED THAT:

1. <u>Operation</u>. Pursuant to 11 U.S.C. §§ 363 and 1184, the Debtor, as a "debtor in possession," is authorized to remain in possession of its assets and to continue operations in the ordinary course of business until further order of the court.

2. <u>Use of Cash Collateral</u>. The Debtor shall not use cash collateral as defined in 11 U.S.C. § 363 absent the consent of each entity with an interest in the cash collateral, or authorization pursuant to an order of the court. Any request for an order authorizing the Debtor to use cash collateral must comply with Fed. R. Bankr. P. 4001(d). *See* LBR 4001-2. Nothing contained in this Order, however, shall be construed to authorize the use of cash collateral.

3. <u>Payment of Pre-Petition Debts Prohibited</u>. The Debtor shall not pay any debts incurred prior to the filing of the petition, including taxes, unless such payments are authorized by the court.

4. <u>Professional Fees and Expenses</u>. No fees or expenses shall be paid to any attorney, appraiser, accountant, auctioneer, or other professional person required to be retained under 11 U.S.C. § 327 unless authorized by order of the court.

5. <u>Purchases and Sales</u>. The Debtor may buy and sell merchandise, supplies, and property in the ordinary course of business, provided that any such purchases and sales are necessary and essential for its operation. All purchases or sales shall be for cash or for credit not to exceed terms of thirty (30) days. All transactions not in the ordinary course of business require specific authorization by the court.

6. <u>Bookkeeping</u>. As of the date of entry of the order for relief, the Debtor shall close its existing books and open new books, maintaining a full and accurate accounting with respect to receipts, disbursements, purchases, accounts receivable, and accounts payable.

7. <u>Authorized Bank Accounts</u>.

(a) The Debtor shall close all bank accounts existing as of the petition date and open new accounts in the name of the debtor in possession at a financial institution approved by the United States Trustee. All cash assets of the Debtor shall be transferred to and held in authorized debtor in possession accounts. The Debtor shall maintain a segregated tax escrow account for the payment of taxes.

(b) The Debtor's checks shall bear the term "debtor-in-possession" and the Debtor's case number.

(c) Financial institutions which open accounts for any debtor in possession shall comply with 11 U.S.C. § 345(b).

8. <u>Tax Escrow Requirements</u>.

(a) Within 30 days of the entry of this Order, the Debtor shall file all tax returns which were delinquent as of the date of filing of this case. The Debtor shall pay all federal, state, and local tax liabilities incurred after the filing of the case, including property taxes, as they become due, and shall file all reports, returns, or other documents required to be filed on the dates due. Prepetition taxes shall not be paid unless payment is authorized by the court. The Debtor shall pay federal taxes using depository receipts and shall file returns as required by the Internal Revenue Service.

(b) Pending payment of taxes, the Debtor shall deposit all funds necessary to pay its taxes, whether federal, state, or local, in its segregated tax escrow account, including any taxes which applicable law requires the Debtor to collect from third persons and to remit to the taxing authority (*e.g.*, funds due the Internal Revenue Service under 26 U.S.C. §§ 3102, 3402(a), 3111, and 3301). All taxes should be paid from the tax escrow account.

9. <u>Subchapter V Trustee and United States Trustee</u>. The Debtor shall furnish to the United States Trustee and the subchapter V trustee such reports and information as they may reasonably require to supervise the administration of the estate. Such reports shall be signed by an authorized representative of the Debtor who shall acknowledge and attest to the accuracy of such reports. The originals of such reports and information shall be filed with the court. The Debtor shall serve a copy of such reports and additional information on (i) the United States Trustee and (ii) the subchapter V trustee.

10. <u>Salaries and Draws</u>. Within fourteen (14) days after the petition date, the Debtor shall file with the court a schedule of proposed salaries to be paid to employees and draws to be paid to equity interest holders. The Debtor shall serve a copy of such schedule on (i) the United States Trustee and (ii) the subchapter V trustee. Upon the expiration of fourteen (14) days from

the petition date and absent the filing of any written objection by a party in interest, the proposed salaries and draws are approved and may be paid unless and until this court orders otherwise. No changes may be made in such salaries and draws unless an amended schedule, subject to the same notice and objection procedures as the original schedule, is filed.

11. <u>Required Insurance</u>.

(a) The Debtor shall maintain adequate insurance coverage on all assets of the estate and shall maintain insurance for the protection of its employees and customers.

(b) The Debtor shall not use uninsured assets of the estate in the operation of its business without the permission of this court, nor shall the Debtor continue business operations without adequate insurance coverage.

(c) The Debtor shall file a schedule of insurance coverage within fourteen (14) days of the petition date.

12. <u>Special Provisions for Corporate Debtors</u>. In the event that the Debtor is a corporation, limited liability company or similar entity, all present and future officers, directors, controlling shareholders and/or managers of the Debtor are personally responsible for ensuring that the Debtor complies with this Order, as well as all future orders of this court. Any change in the aforementioned persons shall be reported in writing by filing a notice on the docket in this case and serving the same on the United States Trustee and the subchapter V trustee within fourteen (14) days of such change.

13. <u>Plan Date</u>. The Debtor must file a plan within ninety (90) days of the order for relief. 11 U.S.C. § 1189(b). Therefore, the Debtor should be prepared to provide a reasonable date for the filing of a plan of reorganization at the United States Trustee's request at any initial conference and at the status conference required by 11 U.S.C. § 1188. The status conference shall be scheduled pursuant to separate order of this court.

14. <u>Amendments</u>. This Order is subject to modification by the court upon its own initiative or upon the motion of any party in interest.

15. <u>Service</u>. The Clerk shall promptly serve a copy of this Order in person or via first class United States mail upon the following:

(a) the Debtor;
(b) counsel for the Debtor;
(c) the Internal Revenue Service, Centralized Insolvency Operations;
(d) Michigan Department of Treasury, Bankruptcy Claims Unit;
(e) Michigan Unemployment Insurance Agency;
(f) United States Trustee;
(g) the twenty largest creditors as described pursuant to Fed. R. Bankr. P. 1007-I(d); and
(h) all other persons requesting notice in this case to date.

The Debtor shall promptly serve a copy of this Order in person or via first class United States mail upon the following by the Debtor:

    (a)    each bank holding an authorized account of the Debtor;
    (b)    the subchapter V trustee appointed in this case; and
    (c)    all present officers, directors, controlling shareholders and/or managers of the Debtor, if any, and upon their successors upon notification of their appointment.

The Debtor shall file a certificate reflecting service on these parties.

[END OF ORDER]

**Signed: March 15, 2024**




John T. Gregg
United States Bankruptcy Judge